```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                PRELIMINARY
                                         ORDER OF FORFEITURE

                                         05-CR-0141
         -against-
                                         (Amon, J.)
MALIS CHUM,


                  Defendant.

- - - - - - - - - - - - - - - - X
```

WHEREAS, in the above-captioned Indictment (the "Indictment"), the United States of America sought forfeiture of certain funds of the defendant MALIS CHUM (the "defendant"), pursuant to 31 U.S.C. § 5332(b)(2), as property involved in Bulk Cash Smuggling in violation of 31 U.S.C. § 5332(a), the offense set forth in Count One of the Indictment.

WHEREAS, on May 12, 2005, the defendant pleaded guilty to Count One of the Indictment charging a violation of 31 U.S.C. § 5332(a); and

WHEREAS, by virtue of the defendant having pleaded guilty to Count One of the Indictment, the United States is now entitled to the entry of an order pursuant to 31 U.S.C. § 5332(b)(2), 21 U.S.C. § 853, as incorporated in 31 U.S.C. § 5332(b)(3), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, ON CONSENT, by and between the United States and the Defendant as follows:

1. The defendant MALIS CHUM consents to the immediate condemnation and forfeiture to the United States of America of approximately $370,253 in United States currency seized from her ("the Forfeited Currency") on February 4, 2005 at John F. Kennedy International Airport, pursuant to 31 U.S.C. § 5332(b)(2), as property involved in Bulk Cash Smuggling in violation of 31 U.S.C. § 5332(a), the offense set forth in Count One of the Indictment, to which the defendant pleaded guilty.

2. The defendant hereby agrees not to assert any claim or assist any other person to assert any claim to the Forfeited Currency in any administrative or judicial proceeding, waives her right to any required notice concerning the forfeiture, waives her right, if any, to trial by jury of the forfeiture allegations in the Indictment, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, and applicable statute of limitations, or the Excessive Fines Clause of the Eight Amendment. The Defendant also agrees that the forfeiture of the Seized Currency shall not constitute payment of a fine.

3. Upon entry of this Order, the United States Marshals Service is hereby authorized and directed to transfer

the Forfeited Currency to the Seized Asset Account maintained by the United States Marshals Service.

4. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including providing notice of this Order to any person known to have alleged an interest in the forfeited currency.

5. The United States Marshals Service shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

6. The United States Attorney General or his designee, if he learns from information provided by the defendant or from other sources, of persons other than the defendant who may have a legal interest in the Forfeited Currency, shall make reasonable efforts to notify such persons of his intent to dispose of such property.

7. Any person, other than the defendant, asserting a legal interest in the Forfeited Currency, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, must petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the

property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. The United States shall have clear title to the Forfeited Currency following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to defendant MALIS CHUM and at the time of sentencing shall be made part of the defendant's sentence and included in her judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

10. This Order shall be final and binding only upon the Court's "so ordering" of the order.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

12. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Evan Williams, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 15th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       July 19, 2005

_____
HONORABLE CAROL B. AMON
UNITED STATES DISTRICT JUDGE